IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| REUBEN HODGE,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION,<br>BARBARA TAVARES,<br>RACHEL MEDEIROS,<br>JOANN YAPP,<br><br>         Defendants. | Case No. 22-cv-00294-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART DEFENDANT STATE OF HAWAII DEPARTMENT OF EDUCATION'S MOTION FOR JUDGMENT ON THE PLEADINGS, (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS BARBARA TAVARES, RACHEL MEDEIROS, AND JOANN YAPP'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND (3) ALLOWING PARTIAL LEAVE TO AMEND** |

Defendants State of Hawai'i Department of Education ("DOE"), Barbara

Tavares, Rachel Medeiros, and Joann Yapp (Tavares, Medeiros, and Yapp,

collectively, "the Individual Defendants") move for judgment on the pleadings of

this action in which Plaintiff Reuben Hodge alleges various claims of race

discrimination arising out of his employment as a janitor at the Iao Intermediate

School on the Island of Maui, Hawai'i.   Among other things, the DOE argues that

it is entitled to sovereign immunity with respect to numerous claims, while the

Individual Defendants argue that claims brought against them either do not provide

for their liability or fail to state a claim.

Having reviewed the parties' briefing, the record generally, and relevant case law, the Court, first, agrees with the DOE that it is entitled to sovereign immunity with respect to Counts II-VI and its motion for judgment on the pleadings, Dkt. No. 50, is GRANTED to that extent.   Specifically, in contrast to the DOE, Plaintiff provides no legal or factual support for the proposition that the DOE's immunity has been waived or overridden.   Second, the Court agrees with the Individual Defendants that Counts V-VI do not provide for their liability, as they are not alleged to, nor could they, have been employers for purposes of the applicable statute.   The Court further agrees that Count VII against Defendant Yapp and Count VIII against Defendants Tavares and Medeiros fail to state claims for relief.   Because this is the first time that the Court has addressed these claims, though, and amendment could plausibly correct the identified deficiencies, dismissal is with leave to amend.   Further, in light of the totality of the allegations in the Complaint, the Court disagrees that Claim VII against Defendants Tavares and Medeiros fails to state a claim, as a reasonable inference could be drawn that they aided or abetted certain alleged conduct.   Finally, the Court disagrees that, based upon the specific facts alleged here, Claim VIII against Yapp fails to state a claim of intentional infliction of emotional distress.   As a result, the Individual Defendants' motion for judgment on the pleadings, Dkt. No. 37, is GRANTED IN

PART and DENIED IN PART, with partial leave to amend, as more fully set forth below.

## FACTUAL BACKGROUND

The following relevant facts are alleged in the Complaint.   Hodge has worked as a janitor at the Iao Intermediate School ("the School") for over 12 years.   Compl. at ¶ 14, Dkt. No. 1.   For "most" of those years, he worked part-time.   *Id*.   Hodge, however, registered with the DOE every year for permanent employment as a janitor.   *Id*. at ¶ 15.   Hodge's supervisor, Leo Jarvis, told Hodge that Jarvis wanted to hire him to a permanent position "six or seven years ago[,]" and Jarvis questioned the "schools administration" why Hodge was not on the list of eligible applicants to be hired permanently.   *Id*. at ¶ 16.   Jarvis also told Hodge that, once Hodge's name came up on the School's "eligible for hire list", Hodge would be hired as a permanent employee.   *Id*. at ¶ 18.   However, despite being on the DOE's eligible for hire list, Tavares, a prior Principal at the School, and Medeiros, a prior administrative assistant at the School, "passed over" Hodge "several times over the years" for a permanent janitor position.   *Id*. at ¶¶ 17, 25.   In contrast, "a few years ago", while Hodge was working part-time at the School, another individual—identified solely as "Danny"—was "brought in" from another school and hired as a permanent janitor at the School.   *Id*. at ¶ 19.   According to the

3

Complaint, Danny is of "Filipino heritage[,]" while Hodge is "black and an African-American[.]" *Id*. at ¶¶ 19, 27.

Hodge "began" a "formal complaint" of employment discrimination when Tammie Gonzalez, a "new" administrative assistant at the School, asked Hodge "one day" why he did not take the full-time janitor position the "last time" it came up to be filled. *Id*. at ¶ 20. Hodge responded that he had not been informed that his name was on the list for consideration to fill any permanent janitorial position at the School. *Id*. at ¶ 21. At some point after speaking with Gonzalez, Hodge filed a complaint with the DOE. *Id*. at ¶ 22. A DOE internal investigator—identified solely as "Leslie"—told Hodge that the "administration" at the School had overlooked him "at least twice" for employment as a permanent janitor, despite his name being on the list of people eligible to be hired. *Id*.

At some point after filing the complaint, Jarvis told Hodge that a permanent janitor position had become available at the School. *Id*. at ¶ 23. Jarvis "insisted" on hiring Hodge to the position, and, in January 2020, Matt Dillon, a "later" Principal of the School, hired Hodge to the permanent janitorial position. *Id*. at ¶¶ 4, 23-24.

According to the Complaint, because Hodge was on the "eligible for hire" list, DOE rules required that he be interviewed for an open permanent janitorial

position.   *Id*. at ¶¶ 25-26.   Tavares and Medeiros violated these rules in failing to interview Hodge and "intentionally" overlooking him for any such positions, even though a permanent position had been open for "6 or more years…."   *Id*. at ¶¶ 25-26, 30.   Instead, "over 4 years ago[,]" Tavares told Jarvis to "fire" Hodge.   *Id*. at ¶ 29.

Further, "[a] couple of years ago[,]" Defendant Yapp,[1] a teacher at the School, said to Jarvis that "I don't want this black man in my room."   *Id*. at ¶ 32. "Subsequently," Jarvis announced the foregoing statement "to the entire custodian staff" in order to explain re-scheduling to accommodate Yapp's demand.   *Id*.   As of the filing of the Complaint, Hodge "still does not go in" Yapp's classroom.   *Id*. at ¶ 34.   Yapp's statement was "mentioned" to Dillon, and "Hodge's boss" told him that he had to "avoid cleaning that room due to the teacher's complaint about his blackness."   *Id*.

"[F]or a long time[,]" John Kekama, a security guard at the School, has made "complaints" to Jarvis about Hodge's work.   *Id*. at ¶ 35.   In addition, Kekama's wife, who does not work at the School, came "on campus" and "physically attacked" Hodge because Hodge had complained about Kekama's

---

[1]While the Complaint spells this name as "Yapp," the Individual Defendants spell the name as "Yap."   While the Individual Defendants are presumably correct in spelling their own member's name, herein, the Court uses the spelling in the operative pleading.   In any future amended complaint, Plaintiff should correct the spelling of this Defendant's name, if appropriate.

"interference" with Hodge's work.   *Id*. at ¶ 36.   On February 4, 2021, Zachary

Kekama, a "[s]ecurity attendant[,]" "aggressively" approached Hodge, challenged

Hodge to a fight, and called him weak.   *Id*. at ¶ 37.   Hodge went to the principal

to file a complaint about this event.   *Id*.   The unnamed vice-principal of the

School "press[ed]" Hodge to sit down with the man who had threatened him.   *Id*.

at ¶ 38.

At some point, Hodge asked Dillon if anyone had made complaints about

him.   *Id*. at ¶ 39.   Dillon told Hodge that there were no complaints about Hodge

and no complaints of "prior harassment" that had been made by Hodge.   Hodge

believed this meant that his complaints had been "ignored and not investigated."

*Id*.

In the "summer of 2021," an unidentified "female co-worker," who was not

Hodge's supervisor, lodged "complaints" against Hodge that he was reporting late

to work.   *Id*. at ¶ 40.   According to the Complaint, as a "part-time worker,"

Hodge was not required to report to work at the same time as a full-time worker

like the female co-worker.   *Id*.

## PROCEDURAL BACKGROUND

Hodge initiated this action with the filing of the Complaint on July 7, 2022, Dkt. No. 1.[2]   The Complaint asserts the following claims: (1) race discrimination in violation of Title VII of the Civil Rights Act against the DOE; (2) race discrimination in violation of 42 U.S.C. Section 1981 against the DOE; (3) race discrimination in violation of 42 U.S.C. Section 1983 against all Defendants; (4) hostile work environment in violation of 42 U.S.C. Section 1985 against the DOE; (5) race discrimination in violation of Hawai'i Revised Statutes (HRS) Section 378-2(a)(1)(A) against all Defendants; (6) race discrimination in violation of HRS Section 378-2(a)(1)(B) against all Defendants; (7) aiding and abetting race discrimination in violation of HRS Section 378-2(a)(3) against the Individual Defendants; and (8) intentional infliction of emotional distress against the Individual Defendants.

After answering the Complaint, Dkt. No. 13, 17-19, on June 8, 2023, the Individual Defendants moved for judgment on the pleadings with respect to Claims V-VIII, Dkt. No. 37-3.[3]   Hodge filed a response to the motion, Dkt. No. 45, and

---

[2]The Court notes that, in the opening paragraph, the Complaint describes itself as the "First Amended Complaint for Damages."   Compl. at 1.   The Complaint, however, was the first document filed in this case, and is, thus, not an amended complaint.   So it is clear, Dkt. No. 1, the *Complaint*, is the operative pleading in this case.

[3]The Individual Defendants do not move for judgment with respect to Claim III.   Therefore, that claim as asserted against the Individual Defendants shall proceed, as alleged.

the Individual Defendants filed a reply, Dkt. No. 48.   On August 29, 2023, the

DOE filed its own motion for judgment on the pleadings with respect to, *inter alia*,

Claims II-VI.   Dkt. No. 50-1 at 9-12.[4]   Hodge filed a response, Dkt. No. 52, and

the DOE filed a reply, Dkt. No. 53.

On October 10, 2023, oral argument was heard on the pending motions.

Dkt. No. 56.   This Order now follows.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings

are closed…a party may move for judgment on the pleadings."   The standard

governing a Rule 12(c) motion is "functionally identical" to that governing a Rule

12(b)(6) motion.   *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,

637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a

complaint that fails "to state a claim upon which relief can be granted."   Rule

12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P.

8(a)(2).   Pursuant to *Iqbal*, "[t]o survive a motion to dismiss, a complaint must

---

[4]The DOE also moved for judgment with respect to Claim I on the ground that it was not administratively exhausted.   Dkt. No. 50-1 at 6-9.   However, in its reply, the DOE abandoned this argument, Dkt. No. 53 at 2.   Therefore, Claim I shall proceed against the DOE, as alleged.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

The Court addresses the two motions for judgment on the pleadings in their order of filing.

## 1.      The Individual Defendants' Motion

The Individual Defendants move for judgment on Counts V-VIII on the following grounds: (1) Counts V-VI because the underlying statutory provisions do not provide for liability of non-employers such as the Individual Defendants; (2) Count VII because it fails to state a claim of aider and abettor liability under the applicable statute; and (3) Count VIII because it fails to state a claim of intentional infliction of emotional distress.   The Individual Defendants also move for judgment without leave to amend as to all of the foregoing claims.   The Court addresses each of these arguments in turn.

### a.      Counts V-VI

Counts V and VI are brought under HRS Sections 378-2(a)(1)(A) and 378-2(a)(1)(B).[5]   The Individual Defendants argue that these statutory provisions make unlawful various forms of discrimination by employers and employment agencies,

---

[5]The Complaint references HRS Sections 378-2(1)(A) and 378-2-1(B).   Compl. at 19-20.  There are, however, no such statutory provisions.   The Court, therefore, cites to the actual statutory provisions that all parties in this action appear to accept are applicable to these claims.

something which none of the Individual Defendants are alleged to be nor could be, given that they are alleged to be fellow employ*ees* of the School.   Dkt. No. 37-3 at 7-10.   The Court agrees.   In fact, Plaintiff agrees with the Individual Defendants' argument: "it is correct that there is no individual liability under…HRS Chapter 378 for employees, as employers under the statute."   Dkt. No. 45 at 7.   Instead, Plaintiff contends that the Individual Defendants can be liable under 42 U.S.C. Section 1981 and the State of Hawai'i is liable under Section 378-2(a)(1)(A).   *Id*. at 7-8.   As Plaintiff's counsel should be more than aware, however, Counts V and VI are not brought under Section 1981 and the Individual Defendants are not the State of Hawai'i.   Therefore, because Plaintiff fails to meaningfully challenge the Individual Defendants' ground for judgment on these claims, and the statutory provisions and relevant case law, *see* Dkt. No. 37-3 at 9-10, support the same, the Individual Defendants are entitled to judgment with respect to Counts V and VI. Moreover, because it is clear that amendment would not be able to cure this deficiency, dismissal is without leave to amend.

### b.   Count VII

Count VII is brought under HRS Section 378-2(a)(3), which, unlike the provisions discussed above, provides for liability of an employee when he or she, *inter alia*, aids or abets any unlawful discriminatory practice.   The Individual

11

Defendants argue that they are entitled to judgment as a matter of law on this count

because it fails to state a claim.   Dkt. No. 37-3 at 11-12.   Specifically, the

Individual Defendants argue that the Complaint fails to allege how they aided and

abetted the DOE or each other in discriminating against Hodge.   The Court agrees

in part and disagrees in part that the Complaint fails to state a claim under Section

378-2(a)(3).

First, the Court's disagreement concerns Defendants Tavares and Medeiros.

Review of the totality of the Complaint's allegations reflects that Medeiros worked

with and under Tavares, and the decisions to "pass over" Hodge for positions as a

permanent janitor were made by *both* Tavares and Medeiros.   Among other things,

the Complaint alleges that both Tavares and Medeiros intentionally and wrongly

determined that Hodge was not eligible for employment as a permanent janitor

and, thus, decided not to interview or consider Hodge for any such position.   In

other words, a "reasonable inference" can be made that Tavares and Medeiros

acted in concert with one another, *i.e.*, aided or abetted each other, in

discriminating against Hodge, as alleged in the Complaint.   *See Iqbal*, 556 U.S. at

678.

Second, the Court agrees that the Complaint fails to state a claim under

Section 378-2(a)(3) against Defendant Yapp.   Again, review of the totality of the

Complaint reflects that Yapp's alleged conduct involved a standalone event.
Similarly, there are no allegations in the Complaint even approximating conduct
that could be inferred as Yapp aiding or abetting the DOE or one of the other
Defendants.   Therefore, as alleged, there is no basis for a Section 378-2(a)(3)
claim against Yapp.   However, the Individual Defendants provide no argument as
to why dismissal should be with prejudice, and, here, the Court finds leave to
amend to be appropriate, as amendment could theoretically cure the above-
mentioned deficiency.

c.      **Count VIII**

Count VIII is brought as a claim of intentional infliction of emotional
distress under State law.   In Hawai'i, a claim of intentional infliction of emotional
distress requires a plaintiff to allege: "1) that the act allegedly causing the harm
was intentional or reckless, 2) that the act was outrageous, and 3) that the act
caused 4) extreme emotional distress to another."   *Hac v. Univ. of Haw.*, 73 P.3d
46, 60-61 (Haw. 2003).   Liability has been found for such a claim "only where the
conduct has been so outrageous in character, and so extreme in degree, as to go
beyond all bounds of decency, and to be regarded as atrocious, and utterly
intolerable in a civilized community."   *Tseu ex rel. Hobbs v. Jeyte*, 962 P.2d 344,
352 (1998) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

13

The Individual Defendants argue that this count fails to state a claim of intentional infliction of emotional distress because it is based on "broad, conclusory" allegations.   Dkt. No. 37-3 at 12-13.   In his response, Plaintiff argues that this claim is sufficient because it is based upon Yapp's alleged statement that she did not want a "black man" in her class room, the failure to address the same resulting in Plaintiff's continued inability to enter Yapp's class room, and Tavares and Medeiros passing him over for permanent janitor positions.   Dkt. No. 45 at 15-19.

Here, while Hodge being passed over for permanent janitor positions, at most, simply constitutes alleged facts supporting his discrimination claims, *see Simmons v. Aqua Hotels & Resorts, Inc.*, 310 P.3d 1026, 1033 (Haw. Ct. App. 2013) (basing a claim of intentional infliction of emotional distress on the plaintiff's allegedly discriminatory termination did not rise to the level of outrageous conduct), the Court disagrees with the Individual Defendants' characterization of this claim as based solely on conclusory and broad allegations. Notably, the Complaint alleges specific facts that Yapp did not want Hodge to clean her class room solely because he was a "black man", Yapp's superiors at the School did nothing to address her statement, and, to this day, Hodge still does not enter Yapp's class room because of his skin color.   Although reasonable people

14

may disagree as to whether these alleged facts are "atrocious[] and utterly

intolerable in a civilized community[,]" with respect to Defendant Yapp, the Court

does not find, at this initial stage of the case, that no reasonable person could come

to such a conclusion.   *See Ross v. Stouffer Hotel Co. (Haw.) Ltd., Inc.*, 879 P.2d

1037, 1048 (1994) (explaining that, while the question of whether alleged conduct

is outrageous "is for the court in the first instance," "where reasonable persons may

differ on that question it should be left to the jury.").   Therefore, judgment on the

pleadings is not appropriate with respect to Claim VIII as alleged against Yapp.

Based upon the allegations of the Complaint, though, the same is not true, of

Defendants Tavares and Medeiros.   Specifically, the Complaint alleges that only

Dillon, the "new" principal of the School, was aware of Yapp's statement, with

Hodge then being asked to "avoid" cleaning Yapp's class room.   Compl. at ¶ 34.

As for Tavares and Medeiros, though, the Complaint contains no allegations

related to their involvement in this incident.   In fact, the Complaint is far from

clear whether Tavares and Medeiros were even employees of the School at this

time.   In this light, the Court does not find the allegations against Tavares and

Medeiros, which in essence amount to plain facts underlying the discrimination

claims, allege a claim of intentional infliction of emotional distress.[6]   However,

---

[6]Although it is not entirely clear, Plaintiff may also rely on alleged facts concerning incidents
with members of the Kekama family, a female co-worker, and "racial slurs."   There are no

because this may be corrected by amendment, dismissal of Count VIII against

Tavares and Medeiros is with leave to amend.

**2.      The DOE's Motion**

The DOE asserts that Counts II through VI should be dismissed on the

ground of sovereign immunity.   Dkt. No. 50-1 at 9-12; Dkt. No. 53 at 2-6.

Specifically, the DOE argues that it is an arm of the State of Hawaiʻi and, as a

result, a lawsuit against it in federal court may only proceed if either it has waived

sovereign immunity or the U.S. Congress has overridden its immunity.   The DOE

contends that neither of those things has occurred or even been alleged here.   The

Court agrees.   *See Pittman v. Ore., Emp't Dep't*, 509 F.3d 1065, 1072, 1074 (9th

Cir. 2007) (explaining that neither 42 U.S.C. Section 1981 nor 1983 provide causes

of action against States); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198,

201 (9th Cir. 1988) (determining that State entities possess sovereign immunity

from claims for damages and injunctive relief under Section 1981, 1983, and

1985); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004)

(holding that the Eleventh Amendment "precludes the adjudication of pendent state

---

allegations in the Complaint, however, that the incidents with the Kekama family and the female co-worker involved any discriminatory animus.   Moreover, as with Yapp's statement, the Complaint is unclear whether Tavares and Medeiros were employees of the School at the time of these events, or that any of the Individual Defendants had any type of involvement in the same. As for "racial slurs" Hodge allegedly suffered, other than the statement of Yapp, there are no other allegations in the Complaint of specific racial slurs directed at Plaintiff.

law claims against nonconsenting state defendants in federal courts."). Moreover, Plaintiff also largely agrees, given that, in his opposition, at no point does he argue that the DOE is not an arm of the State of Hawai'i, or that the DOE has waived or Congress overridden the DOE's immunity with respect to any of the claims brought in Counts II-VI. Instead, Plaintiff asserts that a claim may be brought against a State under *Title VII* and *individuals* can be held liable under 42 U.S.C. Section 1981. None of the claims in Counts II-VI, however, are brought under Title VII. Rather, Count *I* is brought under Title VII and, as noted above, is not subject to dismissal at this point. In addition, as should be self-evident, the *Department* of Education is not an individual, as Plaintiff appears to imply. Therefore, the DOE is entitled to judgment on the pleadings with respect to Counts II through VI. Further, because amendment cannot cure the DOE's immunity from those claims, dismissal is without leave to amend.

## CONCLUSION

For the reasons set forth herein,

(1)     The Individual Defendants' motion for judgment on the pleadings, Dkt. No. 37, is GRANTED IN PART and DENIED IN PART as follows:

      a. Counts V-VI against the Individual Defendants are dismissed without leave to amend;

      b. Count VII against Defendant Yapp is dismissed with leave to amend;

      c. Count VII against Defendants Tavares and Medeiros may proceed, as alleged in the Complaint;

      d. Count VIII against Defendant Yapp may proceed, as alleged in the Complaint;

      e. Count VIII against Tavares and Medeiros is dismissed with leave to amend.

(2)    The DOE's motion for judgment on the pleadings, Dkt. No. 50, is GRANTED IN PART to the extent that Counts II through VI are dismissed without leave to amend. Count I may proceed as alleged in the Complaint.

Plaintiff may have until March 8, 2024 to file an amended complaint to the extent permitted herein. Should Plaintiff file a timely amended complaint, he must include therein **all** claims, including claims that have not been found deficient herein, as to which he seeks to proceed in this case. *Cf. Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with

prejudice need not be re-alleged in an amended complaint to preserve them for

appeal, but claims that are voluntarily dismissed are considered waived if they are

not re-pled).   Further, in any amended complaint, Plaintiff may only amend those

claims that have been dismissed with leave to amend herein.   Plaintiff may not

amend claims that have not been dismissed, nor may Plaintiff include claims that

have been dismissed without leave to amend.   Should Plaintiff choose not to file

an amended complaint by the deadline set forth above, this case shall proceed with

the claims that have not been dismissed herein, as they are alleged in the

Complaint.

IT IS SO ORDERED.

Dated: February 16, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

*Reuben Hodge v. State of Hawaii Department of Education, et al*; Civil No. 22-00294 DKW-KJM; **ORDER (1) GRANTING IN PART DEFENDANT STATE OF HAWAII DEPARTMENT OF EDUCATION'S MOTION FOR JUDGMENT ON THE PLEADINGS, (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS BARBARA TAVARES, RACHEL MEDEIROS, AND JOANN YAPP'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND (3) ALLOWING PARTIAL LEAVE TO AMEND**